IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSEPH K., <br><br> Claimant, <br><br> v. <br><br> LELAND DUDEK, <br> Acting Commissioner of Social Security, <br><br> Respondent. | No. 22 C 988 <br><br> Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM OPINION AND ORDER**

Joseph K.[1] ("Claimant") seeks review of the final decision of the Acting Commissioner of the Social Security Administration[2] ("Commissioner"), denying his application for supplemental security income. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). [ECF No. 7]. After reviewing the record and the parties' arguments, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 18] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 21] is denied. This case is remanded to the Social Security Administration for further proceedings consistent with this Opinion.

---

[1] In accordance with Northern District of Illinois Local Rule 8.1, the Court refers to Claimant only by his first name and the first initial of his last name.

[2] Leland Dudek was appointed as the Acting Commissioner of Social Security on February 16, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, he is automatically substituted as the named defendant in this case.

1

# BACKGROUND

## I. Procedural History

On November 15, 2019, Claimant filed an application for supplemental security income, alleging a disability beginning January 1, 2018. (R.17). His application was denied initially and on reconsideration after which Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (R.17). A telephonic hearing was held on February 11, 2021, and all participants attended the hearing by telephone. Claimant appeared and testified at the hearing and was represented by counsel. A vocational expert also testified. (R.17). On June 2, 2021, the ALJ denied Claimant's application for supplemental security income, finding him not disabled under the Social Security Act. (R.17-31). The Social Security Administration Appeals Council denied Claimant's request for review, leaving the ALJ's decision as the final decision of the Commissioner. Claimant then filed this lawsuit seeking judicial review of the Commissioner's decision, and this Court has jurisdiction pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## II. The ALJ's Decision

Under the Social Security Act, disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any

substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform any past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and the burden shifts to the Commissioner at step five. *Gedatus v. Saul,* 994 F.3d 893, 898 (7th Cir. 2021); *Wilder v. Kijakazi,* 22 F.4th 644 (7th Cir. 2022). A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

Applying the five-part test in this case, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since November 15, 2019, the date he filed his application. (R.19). At step two, the ALJ found Claimant had the following severe impairments: morbid obesity, mild lumbar spine degenerative disc disease, unspecified anxiety disorder, and major depressive disorder. (R.19). At step three, the ALJ found that none of Claimant's impairments met any of the listed impairments in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926. (R.20). With respect to Claimant's mental impairments, the ALJ undertook the paragraph B analysis[3] and

---

[3] To determine whether a mental impairment meets or equals listing level severity at step three of the sequential analysis, a claimant must prove she meets the severity criteria of either paragraph B or C. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.04, 12.06. To satisfy the paragraph B criteria, a claimant must demonstrate an "[e]xtreme limitation of one, or marked limitation of two" of four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and

3

determined that Claimant had mild limitations in understanding, remembering or applying information and adapting and managing himself and moderate limitations in interacting with others and in concentrating, persisting or maintaining pace. (R.21). Before step four, the ALJ determined:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c), except for the following non-exertional limitations: should avoid concentrated exposure to temperature extremes; is limited to simple and routine, unskilled, 1-3 step instructions with routine changes only; brief and superficial contact with the general public; work primarily alone, having only occasional contact with supervisors and co-workers, and not having to interact on joint tasks; and no fast-paced or high production quotas.

(R.22). At step four, the ALJ found that Claimant was not able to perform his previous work as a furniture mover. (R.29). At step five, the ALJ found there were other jobs in the national economy Claimant could perform based on the testimony of the vocational expert who opined that Claimant could perform the jobs of dishwasher, janitor, and order picker. (R.30). Based on these findings, the ALJ held that Claimant was not disabled. (R.31).

## DISCUSSION

### I. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision,

---

adapting and managing oneself. *Id.* To evaluate these four areas, ALJs will investigate how an impairment interferes with a claimant's ability to function independently, appropriately, effectively, and on a sustained basis, as well as the quality and level of overall functional performance, any episodic limitations, the amount of supervision or assistance required, and the settings in which a claimant is able to function. 20 C.F.R. § 404. 1520a(c)(2).

4

therefore, is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standard in reaching her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is ... 'more than a mere scintilla.' ... It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). More specifically, the Seventh Circuit stated:

> All we required is that ALJs provide an explanation for how the evidence leads to their conclusions that is "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." … At times, we have put this in the shorthand terms of saying an ALJ needs to provide a "logical bridge from the evidence to his conclusion."

*Id.* at 1054 (citations omitted). When conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th

5

Cir. 1990); *see also Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is entitled to benefits, the court must defer to the Commissioner's resolution of that conflict.") (internal quotations and citation omitted). The court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007); *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

**II.     Analysis**

Claimant argues the ALJ's decision cannot stand in this case because: (1) the ALJ's RFC assessment is not supported by substantial evidence; (2) the ALJ's assessment of his therapist's opinion also is not supported by substantial evidence; and (3) the ALJ improperly discounted the limiting effects of his subjective symptoms and complaints. As to Claimant's first argument, Claimant contends that the RFC assessment is incomplete and not supported by substantial evidence because the ALJ failed to explain how the record evidence supported her conclusions. Claimant's Brief [ECF No. 2-7]. The Court agrees with Claimant.

The RFC is an assessment of the maximum work-related activities a claimant can perform despite his limitations. *Young v. Barnhart*, 362 F.3d 995, 1000-01 (7th Cir. 2004) (citations omitted). Social Security regulations require the ALJ to "discuss

6

the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule) ...." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also Madrell v. Kijakazi,* 25 F.4th 514, 516 (7th Cir. 2022).

As set forth above, the ALJ found that Claimant has the RFC to perform medium work with additional non-exertional limitations to account for his mental impairments including, among others, that Claimant be limited to "simple and routine, unskilled, 1-3 step instructions with routine changes only; brief and superficial contact with the general public; work primarily alone, having only occasional contact with supervisors and co-workers, and not having to interact on joint tasks; and no fast-paced or high production quotas." (R.22). In her opinion, the ALJ noted that the state agency psychological consultants opined that Claimant "could engage in low stress, simple, and routine unskilled vocational activities of 1-2 steps." (R.22). The ALJ, however, did not find that opinion very persuasive because "it is not fully consistent with or supported by the evidence of record and is not quite consistent with the DDS assertion of limitations in the paragraph B criteria." (R.22). The ALJ further stated:

> This opinion does not account for the moderate limitations in interacting with others. Further, there is no indication that the claimant has moderate limitations in adapting or managing oneself as he reports he is able to do all his activities of daily living; however, the evidence does support moderate restrictions in concentrating, persisting, or maintaining pace due to the claimant's anxiety that the DDS consultants did not find.

(R.22).

In the Court's view, the ALJ's assessment of the state agency psychological consultants' opinion is internally inconsistent, and the ALJ did not sufficiently explain why she concluded their opinion was not very persuasive. (R.22). The ALJ says that state agency psychological consultants did not find that Claimant had any limitations in concentrating, persisting, or maintaining pace, yet the ALJ specifically acknowledged that they opined that Claimant "could engage in low stress, simple, and routine unskilled vocational activities of 1-2 steps." (R.22). In the Court's view, those restrictions specifically account for limitations in concentrating, persisting, or maintaining pace.

When formulating the RFC, the ALJ limited Claimant to simple, routine, unskilled work, with only 1 to 3 step instructions, only routine changes, with no fast-paced or high production quotas. (R.22). Although the ALJ found the state agency psychological consultants' opinion limiting Claimant to simple, routine, low stress, unskilled, or 1 to 2 step tasks was not very persuasive, the ALJ nevertheless included some of those limitations in the RFC assessment. One key difference, however, is the number of tasks the ALJ concluded that Claimant is able to perform, and the ALJ did not offer any explanation as to (1) why she found a limitation of 1 to 2 step tasks unsupported by the evidence and (2) what evidence she relied upon to support her decision to include a limitation of 1 to 3 step tasks in the RFC. The ALJ did not offer any explanation or cite to any evidence she relied upon to differentiate between 1 to 2 step tasks as opposed to 1 to 3 step tasks. The ALJ also did not provide any explanation for the limitations to no fast-paced or high production quotas.

The law is clear that when assessing a claimant's RFC, the ALJ must point to evidence in the record that supports the limitations included in the RFC assessment. *Scott v. Astrue*, 647 F.3d 734, 741 (7th Cir. 2011); SSR 96-8p ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts…."). The ALJ's failure to explain how the evidence supported any of the mental limitations she included in the RFC renders her conclusions not supported by substantial evidence and requires remand. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (holding that an ALJ's failure to explain how he arrived at his conclusions under SSR 96-8p is "in itself sufficient to warrant reversal of the ALJ's decision"). This is particularly significant in this case because Claimant contends that had the ALJ adopted the state agency consultants' opinions that Claimant was limited to 1 to 2 step tasks, rather than up to 3 step tasks, that would have eliminated all the jobs the ALJ found Claimant could perform, an argument to which the Commissioner does not respond.

The Commissioner argues that the ALJ's rejection of a limitation of 1 to 2 step tasks is supported by the findings of Claimant's psychological consultative examination in which Dr. Levitan opined that Claimant could "follow, understand, and retain most instructions," found his memory to be "fair," and noted that Claimant could repeat four digits forward and subtract serial sevens, though slowly. Commissioner's Brief [ECF No. 22], at 7 (citing R.644-45). The fundamental problem with the Commissioner's argument is that the ALJ did not provide that explanation, and the Court will not speculate.

9

Claimant also argues that the ALJ failed to account for his obesity, which the ALJ found was a severe impairment, in the RFC or, at a minimum, did not provide any explanation how the RFC accounted for his obesity, and that error requires remand. The Court agrees with Claimant in part. The ALJ's finding that obesity was a severe impairment means, by definition, Claimant's obesity caused more than minimal limits on his ability to perform basic work activities. 20 C.F.R. § 416.920(c); 20 C.F.R. § 416.922(a). The ALJ's decision, however, does not include any discussion about the effects of Claimant's obesity on his ability to perform medium level work.

Social security regulations require that if a claimant is obese, the ALJ's decision must include a discussion of how obesity was considered combined with the claimants' other impairments. *See* SSR 19- 2p (recognizing those with obesity and other impairments can experience greater limits than if they just had only those conditions or were only obese); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) (holding that the ALJ must specifically address the effect of obesity); *see also Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014). In her opinion, the ALJ acknowledged that regulation but did not follow its guidance and simply stated: "Based on the medical evidence of record, the undersigned finds that the claimant's obesity does not elevate the claimant's other medically determinable impairments to mee a listing." (R.20). In the Court's view, such a conclusory statement without any explanation is not sufficient to satisfy an ALJ's duty to explore whether a claimant's obesity would further impact his RFC and to explain how the ALJ evaluated the record evidence.

10

The Court, however, acknowledges the Commissioner's argument that Claimant's arguments are without merit and do not warrant remand because he has not identified what greater limitations the ALJ should have assessed. *See Shaun R. v. Saul*, 2019 WL 6834664, at *9 (N.D. Ill. Oct. 24, 2019); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir. 2004) (holding that the ALJ's failure to even mention obesity not enough to warrant remand where Claimant "does not explain how his obesity would have affected the ALJ's five-step analysis"). On remand, the ALJ is encouraged to provide enough explanation for the Court to be able to conclude on any subsequent request for review that her decision is supported by substantial evidence.

For all these reasons, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence, and remand is required for the ALJ to provide a more fulsome discussion of how she determined Claimant's RFC and how it is tied to the record evidence.

Claimant asserts two other arguments in support of his request to remand this case for a new hearing, including that the ALJ's evaluation of his therapist's opinion and her analysis of his subjective symptoms and complaints are not supported by the record. Claimant's Brief [ECF No. 18], at 8-15. Because this case is being remanded for the reasons discussed above, the Court declines to address these arguments in detail and, therefore, does not express any opinion on the decision to be made on remand. The Court, however, cautions Clamant not to read more into this decision than the Court intends. At first blush and based on the Seventh Circuit's standard *Warnell* that an ALJ is "subject to only the most minimal of articulation

11

requirements," and in the Court's view, the ALJ did give some reasons for not fully crediting the opinion of Claimant's therapist[4] and his subjective complaints.[5] Ultimately, Claimant's arguments that the ALJ erred may not withstand scrutiny. The ALJ, however, must provide a logical bridge between the evidence in the record and her ultimate findings, and the Court encourages the ALJ to evaluate all relevant evidence on remand and provide enough explanation for the Court to be able to conclude that her decision is supported by substantial evidence.

## CONCLUSION

Accordingly, for all of the reasons set forth above, Claimant's Brief in Support of Reversing the Decision of the Commissioner of Social Security [ECF No. 18] is granted and the Commissioner's Motion for Summary Judgment [ECF No. 21] is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with this Memorandum Opinion and Order.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: March 7, 2025

---

[4] The ALJ did not find the therapist's opinion persuasive because "it is not consistent with or supported by the evidence of record and is also quite unpersuasive given that the social worker indicated only a three-month treatment relationship with the claimant" and it "is not consistent with or supported by the treatment records." (R.28-29).

[5] The ALJ found that "the evidence reveals the claimant has largely engaged in very routine, infrequent and conservative treatment, and his has also failed to follow through with routine treatment recommendation such as physical therapy, group therapy and weight loss" and "the evidence fails to document the significant clinical and radiological findings that would support claimant's alleged physical restrictions." (R.24).

12